23-595-pr
Richardson v. Capra

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty-four.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

MARK RICHARDSON,

*Petitioner-Appellant*,

v.                                                                    No. 23-595-pr

MICHAEL CAPRA, Superintendent,
Sing Sing Correctional Facility,

*Respondent-Appellee*.

-----------------------------------------------------------------

FOR APPELLANT:                                    DENISE MARIE FABIANO, The
                                                  Legal Aid Society, New York,
                                                  NY

FOR APPELLEE:                                     STEPHEN JOSEPH KRESS (Steven
                                                  C. Wu, *on the brief*), *for* Alvin L.
                                                  Bragg, Jr., District Attorney,
                                                  New York County, New York,
                                                  NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Mark Richardson appeals from a judgment of the United States District

Court for the Southern District of New York (Caproni, *J.*) denying his petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to

which we refer only as necessary to explain our decision to affirm.

On July 10, 2008, Richardson was arrested in connection with the murder

of Helen Abbot.  Two detectives interrogated him without first advising him of

his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).  Richardson made an

inculpatory statement before declining to answer further questions.  Only then

did the lead detective read Richardson his *Miranda* rights.  Approximately an

2

hour later, however, Richardson asked one of the detectives: "how serious is this? Am I going to do a lot of time for this?" App'x 414. The detective answered that he would listen if Richardson wanted to "say something." *Id.* at 416. Richardson agreed to talk. After being read his *Miranda* rights again, he gave oral and written statements that further inculpated him. Five hours later, the detectives and an assistant district attorney returned, read Richardson his *Miranda* rights for a third time, and took a videotaped statement.

Before trial, Richardson moved to suppress all his statements to law enforcement. The hearing court suppressed Richardson's first and second statements on July 10. It denied the motion to suppress a 13-minute portion of the videotaped statement but suppressed the remainder of the videotaped statement, which referenced Richardson's first two statements on July 10. The 13-minute portion of the videotaped statement was admitted into evidence at trial. Richardson was convicted of second-degree murder and first- and second-degree robbery and sentenced to an aggregate term of 25 years to life. On direct appeal, Richardson challenged the hearing court's refusal to suppress his entire videotaped statement. The Appellate Division rejected Richardson's argument and affirmed his conviction. *See People v. Richardson*, 49 N.Y.S.3d 26 (1st Dep't

3

2017). Richardson petitioned for a writ of habeas corpus, again challenging the admission into evidence of the 13-minute portion of his videotaped statement.

We review the District Court's denial of Richardson's habeas petition *de novo*. *Scrimo v. Lee*, 935 F.3d 103, 111 (2d Cir. 2019). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), however, we cannot vacate a state conviction unless the challenged state court decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Richardson first argues that the Appellate Division's decision affirming the denial of his motion to suppress the videotaped statement was contrary to *Missouri v. Seibert*, 542 U.S. 600 (2004). We are not persuaded.

The controlling opinion in *Seibert* holds that if law enforcement officers deliberately engage in a two-step interrogation by withholding *Miranda* warnings, obtaining inculpatory statements, then giving *Miranda* warnings and again obtaining inculpatory statements, any postwarning statements must be suppressed "unless curative measures are taken before the postwarning

4

statement is made." *Id.* at 622 (Kennedy, J., concurring in the judgment); *see also*

*United States v. Moore*, 670 F.3d 222, 229 (2d Cir. 2012) (identifying Kennedy's

concurrence as controlling). The controlling opinion in *Seibert* provides two

examples of such measures: "a substantial break in time and circumstances"

between the prewarning and postwarning statements, or "an additional warning

that explains the likely inadmissibility of the prewarning custodial statement."

542 U.S. at 622 (Kennedy, J., concurring in the judgment).

Citing *People v. Paulman*, 5 N.Y.3d 122, 130 (2005), the Appellate Division

concluded that Richardson's videotaped interrogation was not part of the same

continuous chain of events as the earlier interrogations because of, among other

factors, the five-hour break between interrogations, Richardson's calm demeanor

during the videotaped interrogation, the fact that the assistant district attorney

was the main questioner rather than the detectives, and Richardson's apparent

unqualified desire to speak to the police. Although the Appellate Division did

not cite *Seibert*, its application of *Paulman* does not contradict the rule established

in the *Seibert* concurrence. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (explaining that

AEDPA "does not require citation of our cases — indeed, it does not even

require *awareness* of our cases, so long as neither the reasoning nor the result of

the state-court decision contradicts them").  That is, the Appellate Division effectively assessed whether the officers took "curative measures" that would "ensure that a reasonable person in [Richardson's] situation would understand the import and effect of the *Miranda* warning and of the *Miranda* waiver."  *Seibert*, 542 U.S. at 622 (Kennedy, J., concurring in the judgment).

Richardson also contends that the Appellate Division's decision constitutes an unreasonable application of *Seibert* because the detectives engaged in a deliberate, two-step interrogation and failed to take sufficient curative measures. Even assuming that Richardson could establish that the detectives engaged in a deliberate, two-step interrogation, he fails to show that it was "objectively unreasonable" for the Appellate Division to conclude that the curative measures satisfied the *Seibert* test.  *See Scrimo*, 935 F.3d at 112 (quotation marks omitted). While some factors appear to weigh against the Appellate Division's conclusion — including the fact that all three interrogations on July 10 occurred in the same room and that the assistant district attorney repeatedly referenced Richardson's prior statements during the videotaped interrogation — others, such as the time gap, change in demeanor, and the change in questioner, weigh in its favor. These "differing indications" prevent us from concluding that the Appellate

6

Division unreasonably applied the *Seibert* rule. *See Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004).

Richardson's argument that the Appellate Division unreasonably applied *Oregon v. Elstad*, 470 U.S. 298 (1985) likewise fails. *Elstad* holds that a defendant's un-Mirandized but voluntary statement does not render a subsequent, Mirandized statement inadmissible if the second statement was "knowingly and voluntarily made." *Id.* at 309. The Appellate Division concluded that Richardson's first, unwarned statement was not coerced and that Richardson did not appear intimidated during the videotaped statement. Given these factual findings, which we must presume to be correct and which Richardson has not rebutted with clear and convincing evidence, *Epps v. Poole*, 687 F.3d 46, 50 (2d Cir. 2012); 28 U.S.C. § 2254(e)(1), we cannot conclude that the Appellate Division unreasonably applied the standard from *Elstad*.

Finally, Richardson argues that the Appellate Division's decision contravened and unreasonably applied *Michigan v. Mosley*, 423 U.S. 96 (1975). We disagree. *Mosley* holds that "the admissibility of statements obtained after the person in custody has decided to remain silent depends . . . on whether his right to cut off questioning was scrupulously honored." *Id.* at 104 (quotation

7

marks omitted). *Mosley* then provides several non-dispositive factors relevant to this inquiry. *Id.* at 104–06. At least some of these factors support the Appellate Division's conclusion that Richardson's "invocation of his right to silence after his [first] oral statement . . . [did not] require suppression of the videotaped statement." *Richardson*, 49 N.Y.S.3d at 32. For example, the detectives immediately ceased questioning when Richardson invoked his right to silence; there was a five-hour break before the videotaped statement; and the assistant district attorney read Richardson fresh *Miranda* warnings before questioning him. *See Mosley*, 423 U.S. at 104–06. Moreover, Richardson initiated a case-related conversation after previously invoking his right to silence. *See Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981). Richardson does not point to evidence that law enforcement "refus[ed] to discontinue the interrogation upon request or . . . persist[ed] in repeated efforts to wear down his resistance and make him change his mind." *Mosley*, 423 U.S. at 105–06. On this record, therefore, it was not unreasonable for the Appellate Division to conclude that law enforcement honored Richardson's right to remain silent.

We have considered Richardson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court